# GEORGE LUDWIG, SR. *vs.* JAMES IGLEHART.

*Principal and Surety—Right of an Endorser of a Promissory note to recover against a previous Endorser, where both have signed an instrument of writing Releasing the maker.*

The makers of a promissory note, being in embarrassed circumstances, proposed before the maturity of the note to assign all their property to a trustee, with authority to him to dispose of the same and distribute the proceeds among their creditors, on condition that if the net proceeds of the assignment should pay to the creditors not less than fifty cents in the dollar of their respective claims, the same should be in full satisfaction of all claims and demands against them. The creditors signed a paper agreeing to accept the terms of the proposed assignment, and binding themselves when the terms of the assignment were complied with, to release the assignors in due form, of and from the said creditors' respective claims and demands against them and each of them. The first and second en-

dorsers of said promissory note, which had not then matured, were among the creditors who signed and sealed said paper. The assignment was executed and the trustee went into possession and proceeded to execute the trust. In a suit by the second against the first endorser, it was HELD:

That the release given by the plaintiff to the makers of the note in no manner impaired or affected the defendant's liability as endorser. First, because the latter having united in the composition, must be held to have consented to the release by the plaintiff; and secondly, because having himself released the makers of the note, his rights were in no manner impaired or affected by the act of the plaintiff, and therefore, it could not operate to discharge him from his liability as endorser.

APPEAL from the Circuit Court for Anne Arundel County.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, ALVEY and ROBINSON, J.

*A. B. Hagner* and *A. Randall*, for the appellant.

The surety will not be discharged, where the act of the holder, (as giving time to the principal, or accepting a composition, &c.,) was *with the assent or approval of the surety*, as is relied on in the replications in question. 2 *White & Tudor's Lead. Cas., pp.* (713,) *and seq.; Bayley on Bills,* 357, *notes* 20, 21; *Bayley on Bills,* 359, *notes* 22, 23; *Bayley on Bills,* 361-2, *note b ; Theobald on Principal and Surety,* 1 *Law Lib.,* (80,) (119,) (134,) (183,) (192 ;) 1 *Parsons on Notes and Bills,* 240 ; *Bateman on Com. Law,* sec 381; *Pitman on Surety,* 40 *Law Lib.,* 16ᴇ-7, 170-5, 180-8 ; *Brengle vs. Bushey,* 40 *Md.,* 141 ; *Oberndorf vs. Union Bank of Baltimore,* 31 *Md.,* 126 ; *Tyson vs. Cox,* 1 *Turner & Russ* , 398; *Union Bank vs. Hall, Harper,* 245 ; *Burrell vs. Smith,* 7 *Pick.,* 296; *Lynch vs. Reynolds,* 16

*Johns.*, 41 ; *Seymour vs. Minturn,* 17 *Johns.*, 174 ; *Vose vs. Florida R. R. Co.*, 50 *N. Y.*, 374.

The reason why the surety is discharged in the cases referred to, is that by discharging the principal, the holder has prevented the surety from recovering over against the principal. But the rule can't apply where *the surety has himself* released his claim for re-imbursement against the principal, as Iglehart did by assenting to the extinguishment of the claim against the makers. He lost nothing by the indulgence of *the plaintiff.* "*Volenti non fit injuria.*" *King vs. Baldwin,* 2 *Johns. Chy.*, 558 ; *Hubbly vs. Brown,* 16 *Johnson,* 73 ; *Bruen vs. Marquand,* 17 *Johnson,* 58 ; *Wood vs. Jefferson Bank,* 9 *Cowen,* 206 ; *Gloucester Bk. vs. Worcester,* 10 *Pick.*, 530; *Same vs. Parsons,* 10 *Pick.*, 533 ; *Duvall vs. Bank,* 9 *G. & J.*, 32.

Other points are omitted, not having been passed upon by the Court.—[REP.]

*Wm. T. Iglehart* and *Frank. H. Stockett,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

In this case, several questions have been argued, arising upon the pleadings, which are not material to be considered in disposing of this appeal, which we think depends upon the legal sufficiency of the second plea, as a defence to the action.

The suit is by the appellant, as endorsee and holder of a promissory note, against the appellee as endorser.

The note was drawn by *James I. Waddell* and *Jacob Ludwig,* dated September 29th, 1870, for $981.52, payable six months after date, to the order of the appellee and by him endorsed. The making and endorsement of the note, its protest for non-payment and due notice thereof were admitted, by the agreement of the defendant's attorneys appearing in the record.

It appears that the drawers were partners, doing business in the name of *Waddell & Ludwig*. Being in embarrassed circumstances in March, 1871, before the maturity of the note in question, they proposed to assign all their property, as well partnership as individual, to a trustee with authority to him to dispose of the same, and to distribute the proceeds among their creditors ; on condition that if the proceeds of their assignment should pay to the creditors not less than 50 cents in the dollar of their respective claims, the same should be in full satisfaction of all claims and demands against them.

This proposition was accepted by the creditors who signed the following paper:

BALTIMORE, March 16, 1871.

"We, the undersigned, creditors of the said Waddell & Ludwig, do hereby agree and bind ourselves to accept the terms of the assignment proposed by them, and when said terms have been fully complied with, we do, each of us, covenant to release said Waddell & Ludwig, and each of them, in due form, of and from our respective claims and demands against them, and each of them."

This was signed and sealed by a number of creditors, among whom were both the *plaintiff and the defendant.* The assignment was executed, and *Barry* the assignee went into possession, and proceeded to execute his trust. These facts are alleged in the plea, which further avers that the property so assigned and received by the trustee, was more than sufficient to pay *fifty cents* in the dollar, &c.

It is contended on the part of the appellee, that the release operated to discharge the appellee from liability as endorser upon the note.

The general principle is well settled, that if the holder of a promissory note, without the consent of the endorser, release or compound with the drawer, the endorser is

thereby discharged.   This is elementary law, and the reason is that the endorser, who is a mere surety, is thereby deprived of his right of recourse upon the note against the drawer, who is the principal debtor.   It is equally well settled, that if such release or composition be made with the consent of the surety, he will not be discharged.

This also is elementary law, for which no authorities need be cited.

Now it seems to us that the papers set out in the plea, show upon their face that the composition was entered into by the appellant, and the release executed by him with the consent of the appellee.   The latter was a party to the agreement of composition and release, which could have effect only by the mutual consent and co-operation of all the parties to the arrangement.   Besides, it is very clear that the appellee by signing the release, discharged the drawers from all liability to himself upon the note in question.   They were released by his own act.   The reason therefore upon which the rule is based ceases to exist. He was in no manner prejudiced by the act of the appellant, and cannot claim exemption from responsibility on that account.   It is true the note had not then matured, or been paid by him ; but it was a subsisting debt or liability from the drawers to him, upon which his release operated, and he was thereby precluded from all recourse against the drawers, although he might afterwards pay the note ; and this not by the act of the appellant ; but as we have before said, by his own act in signing the release. That this is the effect of the appellee's release appears to be conceded by the argument of his counsel.   It appears from the evidence in the case, that at the time the composition took place the note sued on was not held by the appellant, but by one *D. O. Gehr*, who was his *bona fide* endorsee for value ; and was afterwards paid to him by the appellant as endorser.   But the appellee's counsel have

contended and we think with reason, that the release of
the appellant operated to discharge the drawers from lia-
bility to him upon the note.    The same rule applies to the
release executed by the appellee.    Having thus discharged
the drawers from their liability to him upon the note; his
remedy was in no manner affected by the act of the appel-
lant in signing the same release, and he is therefore not
entitled to claim exemption from his liability as endorser.
This point arose in *Bruen vs. Marquand,* 17 *Johnson,* 58.
There as here, the suit was by the second against the first
endorser.    The defendant Marquand, claimed to be dis-
charged because *Bruen* the plaintiff had released *Shelton &*
*Beach* the makers of the note.    The release was by deed
executed by *Shelton & Beach* of the first part, Marquand
and others assignees of the second part, and certain credi-
tors of S. & B. of the third part.    By the deed S. & B.
assigned over all their property to the parties of the second
part; in trust for the creditors named in the schedules
thereto annexed, who by the same deed released and dis-
charged the parties of the *first* part from all actions, debts,
dues and demands, &c.

The question arose as to the effect of the deed and release
upon Marquand's liability to the plaintiff, as endorser.
Marquand being a party to the deed its effect was to
operate as a release from him to *Shelton & Beach* the
drawers of the note, and the Court decided that he re-
mained liable as endorser, notwithstanding the release
executed by the plaintiff.

The Court say, "The question is whether or not the
release and discharge of the maker (by the plaintiff) is in
this case a release of the defendant, the endorser."

"The general rule is not disputed, but it is argued that
this case is, not within it.    The reason for holding the
endorser discharged, by the discharge of the maker, cer-
tainly does not apply here, viz: that the remedy by the
former against the latter, is materially affected or taken

away; because the defendant who is a party to the assignment, not only as a trustee, but as a creditor to a large amount, *as a creditor*, released Shelton & Beach from their liability over to him, on this as well as other notes endorsed by him. He has, therefore, by his own act, relinquished all the remedy he might otherwise have had, in case of his being compelled to pay the whole; or any part, of this note." The Court decided that the defendant remained liable upon his endorsement. This decision was approved by the Supreme Court of Massachusetts in *Gloucester Bank vs. Worcester*, 10 *Pickering*, 528. After quoting from the opinion of VAN NESS, J., in *Bruen vs. Marquand*, the Court say: "The facts of that case are almost identical with those of *this*, and the reasoning of the Court we think to be very conclusive and just "

We are of the same opinion, and as was said in *Bruen vs. Marquand*, so we say in this case, it clearly appears from the transaction stated in the plea, that it was the intent of the parties "that both the holder of the note, and the defendant should set the makers free; but that the remedy against the endorser should remain "

In our judgment the release given by the plaintiff to Waddell & Ludwig, in no manner impaired or affected the defendant's liability as endorser.

First, because the latter having united in the composition, must be held to have consented to the release by the plaintiff; and secondly, because having himself released the makers of the note, his rights were in no manner impaired or affected by the act of the plaintiff, and therefore it could not operate to discharge him from his liability as endorser; and the Circuit Court ought so to have instructed the jury.

For these reasons, the judgment will be reversed and a new trial ordered.

*Judgment reversed, and*
*new trial ordered.*

(Decided 22nd June, 1875.)